UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL COBBLE, ET AL.                                                        Plaintiffs

v.                                                Civil Action No. 3:21-cv-000415-RGJ-RSE

T-MOBILE SPRINT, ET AL.                                         Defendants

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Cobble ("Cobble") moves for Reconsideration [DE 61] of Magistrate Judge Regina S. Edwards' April 3, 2024 Order [DE 59]. Defendants did not respond and the time for doing so has passed. This matter is ripe. For the reasons below, Cobble's Motion to Reconsider [DE 61] is **DENIED.**

**I.**     **BACKGROUND**

On June 1, 2023, Cobble filed a letter asking the Court to "order discovery for this case." [DE 36 at 327]. Cobble filed two more letters on November 22 and 29, 2023, warning Chief Judge Gregory N. Stivers to "require" this Court to order "settlement or case discovery," or else Cobble would "file the criminal Complaint(s) for liens to remove Judges." [DE 37 at 329; DE 40 at 345]. On January 5, 2024, Cobble filed another letter addressed to Chief Judge Stivers, "demand[ing] the assignment of new judges," that the Chief Judge "initiat[e] criminal charges against Jennings and the other court officers," and that he "rescind" one of Cobble's unrelated civil actions back to state court. [DE 42 at 349]. If the Chief Judge did not, Mr. Cobble stated he would file the previously mentioned criminal complaints, and "will have **no choice**" but to file one against the Chief Judge as well. [*Id.*].

On March 4, 2024, Plaintiffs filed a "Notice of Withdrawal from Settlement Conference," [DE 53], and as a result the Magistrate Judge remanded the previously scheduled settlement

conference finding it "would be futile given Plaintiffs' lack of interest in participating." [DE 55 at 384]. On March 13, 2024, Plaintiffs filed a "Motion for Reconsideration" asking the Magistrate Judge to reschedule the settlement conference and a "Motion for Recusal of the Trial Judge" for "extreme bias." [DE 56 at 385-86]. Mr. Cobble stated that he

> has already requested the chief judge to remove Jennings for exhibiting "extreme bias" towards Mr. Cobble in case 3-21-cv-21-RGJ. Mr. Cobble's December 12, 2023 and January 3 & February 26, 2024 letters (3 letters total) to the chief judge includes the December 11, 2023 Affidavit of evidence of conspiracy, lien fraud, refusal to process, etc, that Jennings has committed.

[*Id.* at 386].

On March 22, this Court denied Mr. Cobble's request for the assignment of a new judge, to initiate criminal charges, and to remand to state court a case this Court is not presiding over. [DE 57 at 389 n.2]. Specifically, the Court noted that

> Mr. Cobble filed a similar letter addressed to Chief Judge Stivers in *Cobble v. Trump et al.*, 3:20-cv-00298-CHB, DE 21 (W.D. Ky.). As that court reminded him, "the undersigned, and not Chief Judge Stivers, is the judge presiding over this action. Therefore, the undersigned is the appropriate judge to rule upon Plaintiff's motion[.]" And as that court also noted, only federal prosecutors have the authority to initiate federal criminal charges.

[*Id.* (citations omitted)]. While the Court specifically cited to DE 42 in denying Cobble's request for a new judge, these were the same issues covered again as part of Cobble's motion at DE 56.

A telephonic status conference was then conducted by Magistrate Judge Edwards on April 2, 2024. [DE 59]. The conference was held on the Court's motion to determine the parties' mutual interest in participating in a settlement conference. As a result of the telephonic status conference, the Court decided to reschedule the previously remanded settlement conference and granted Plaintiffs' motion for reconsideration [DE 56] "to the extent that the Court shall schedule a settlement conference for Plaintiffs and Chase Bank. As for any of Plaintiffs' remaining requests in the motion, they are DENIED." [DE 59].

2

Cobble now Moves for Reconsideration [DE 61] of the Magistrate Judge's Order [DE 59] to the extent it denies his request for recusal of the undersigned and because the order "is absent a Memorandum (Explanation) for April 3, 2024 Order Denying the Recusal of Judge Jennings." [DE 61 at 409].

## II.     ANALYSIS

Cobble has moved for recusal based on the undersigned "denying Cobble's constitutional rights in Case 3:21-cv-21, including conspiracy to cover-up the fraudulent lien at issue." [DE 61 at 409]. Cobble attaches an affidavit, originally provided to the Chief Judge, which attests that the "Chief Deputy Clerk" "held papers for approx. 45 minutes, reading them, and finally returned with wasteful new copies of my original pleadings (in both cases)." [DE 61-1 at 411]. He argues that she only stamped the new copies and not the copes handed to her. [*Id.*]. He asserts that "[s]ince she **would not** explain her behavior, I implied that her recopying and taking-up my time is harassment." [*Id.* (emphasis in original)]. He also asserts that she gave Cobble a Memorandum and Order dated August 20, 2021 in Case No. 3:21-cv-21 which dismissed the case. He then alleges that

> to prevent me from challenging the Jennings Order, the clerks **did not** serve me said Order until 2023 –2 years, 4 months later – and only after my Nov. 21, 2023 letter to Fed. Chief Judge Greg Stivers re: obstructions in said cases 3:21-CV-415 **and** 3:23-CV-576.

[*Id.* (emphasis in original)]. Cobble states that because the affidavit is undisputed it is mandatory that the undersigned should recuse. [DE 61 at 409]. And finally he argues that the magistrate judge's failure to further explain the denial of the motion to recuse is "an error by the Court" and the denial "requires legal justification." [*Id.*].

The Court assumes for purposes of this motion that Cobble seeks recusal under 28 U.S.C. §§ 144 and 455(a). Title 28 U.S.C. § 144 provides that "[w]henever a party to any proceeding in

3

a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Although § 144 on its face appears to require automatic disqualification once a motion and affidavit are filed, it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient. *Marshall v. Yates*, No. 306-CV-611-S, 2007 WL 471166, at * 1 (W.D. Ky. Feb. 7, 2007); s*ee also United States v. Beasley*, No. 103-CR-106, 2006 WL 3511146, at *2 (E.D. Tenn. Dec. 4, 2006). Courts interpreting this recusal statute have consistently held that an affidavit of bias filed under § 144 must allege facts that would indicate to a reasonable person that the named judge has a personal bias against the moving party. *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). "The requisite showing of prejudice in this context may not be made by pointing to allegedly erroneous or atypical judicial rulings." *United States v. Anderson*, 84 F. App'x 513, 516 (6th Cir. Dec. 4, 2003) (citing *Traficant v. C.I.R.*, 884 F.2d 258, 267 (6th Cir. 1989)).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Sixth Circuit has held that "[a] district judge is required to recuse himself 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)). "This standard is objective and is not based 'on the subjective view of a party.'" *Id.* (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)); s*ee also Harris v. United States*, No. 20-5782, 2021 WL 3027830 (6th Cir. May 14, 2021). This inquiry is "made

from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000).

Generally, recusal under either statute is not required because a party is dissatisfied with a court's ruling. "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Vintilla v. Safeco Ins. Co.*, No. 1:05CV666, 2005 WL 1657056 (N.D. Ohio 2005); *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). Essentially, "[t]he alleged facts . . . must relate to 'extrajudicial conduct rather than . . . judicial conduct.'" *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2007) (quoting *Story,* 716 F.2d at 1091); *see also Massey v. Specialized Loan Servicing, LLC*, No. 1:23-CV-00020-GNS, 2023 WL 6096953, at *4 (W.D. Ky. Sept. 18, 2023). Courts have consistently recognized "that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994); *Philip Morris USA, Inc. v. U.S. Food & Drug Admin.*, 156 F. Supp. 3d 36, 40 (D.D.C. 2016) (in finding that he was not disqualified, the judge noted that "a decision to recuse would encourage inappropriate judge-shopping by future litigants").

As discussed above, it is proper for the challenged judge to rule on a motion for recusal brought under either 28 U.S.C. §§ 144 or 455. *Marshall*, 2007 WL 471166, at *1. Cobble's justification for seeking recusal arises from his dissatisfaction with this Court's decision in a previous case and for behavior of a court deputy clerk. Cobble has not shown a proper basis for recusal under either statute. Cobble fails to allege any facts that would lead an objectively reasonable person to believe that the undersigned harbors any bias against Cobble that is personal

or stems from an extrajudicial source sufficient to warrant the undersigned's recusal. *See Liteky v. U.S.*, 510 U.S. 540, 545–546 (1994); *Beasley*, 2006 WL 3511146, at *4. Instead, Cobble bases his motion entirely on the undersigned's judicial rulings in another action and actions of individuals who are not the undersigned. As noted above, judicial rulings do not constitute a valid basis for recusal. *Liteky*, 510 U.S. at 555. Thus, the Court finds that the allegations do not support recusal.

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Cobble's motion for reconsideration [DN 61] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

March 12, 2025

cc: Plaintiff, *pro se*
    Counsel of Record
4414.014